ELIZABETH BYRNES, as Administratrix, etc., of SYLVESTER BYRNES, Deceased, Appellant, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondent.

*Railroad employee — personal injury — negligence — evidence as to the existence of a system of inspection of the loading of freight cars.*

In an action brought against a railroad company to recover damages because of the death of a brakeman in its employ, alleged to have been caused by the negligence of the defendant in permitting one of its freight cars to be loaded in such a manner as to prevent the use of the brake, the defense turned upon the question whether the defendant had established and maintained a system of rules for inspection to ascertain whether its cars were properly loaded before they were sent out.

The only evidence on this subject was the testimony of one Lord, who had charge of the business of the depot where the car in question was loaded, that he considered such inspection a part of his duty, and had so instructed the men under him, and proof by some of these men that he had so instructed them; opposed to this was the fact that Lord did not inspect the car in question, and proof by former employees that he had never given them any such instructions.

*Held,* that the evidence failed to so far establish the existence of a rule for inspection as to warrant a dismissal of the complaint on the ground that the defense based on such a rule was substantiated, but that the question should have been submitted to the jury as one of fact.

APPEAL by the plaintiff, Elizabeth Byrnes, as administratrix of Sylvester Byrnes, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Orange county on the 29th day of January, 1891, upon a dismissal of the complaint directed by the court at the close of the testimony on the trial of the action at the Orange Circuit.

The action was brought to recover damages because of the death of the plaintiff's intestate, Sylvester Byrnes, while employed as a freight brakeman by the defendant, alleged to have been caused by the defendant's negligence. It appeared that a car loaded with lumber at a way station was to be attached to the train on which Byrnes was employed; that while it was being moved by the engine from the switch of the main track, Byrnes got upon it to stop it, but a collision occurred and he was thrown from the car and an injury inflicted which resulted in his death. The plaintiff claimed that the collision was caused by the fact that in consequence of the improper manner

in which the car was loaded with lumber, the use of the brake was prevented.

*John W. Lyon*, for the appellant.

*Lewis E. Carr*, for the respondent.

PRATT, J. :

The law of this case has been settled by the Court of Appeals in 113 N. Y. 255. It was there held, reversing a judgment for the plaintiff, that the evidence showed that the defendant was not guilty of negligence, inasmuch as the defendant had established a system of rules for the inspection of cars after they were loaded, and before they were sent out upon the road, to ascertain if they were properly loaded so as to be safe for handling by its employees.

The cause of the accident, therefore, was the fault of a fellow-servant in not complying with the rules in making a proper inspection.

The plaintiff claimed that the car had been loaded with lumber so as to prevent the use of the brake at one end of the car, and thereby the husband of the plaintiff lost his life.

The case was sent back for a new trial with the following instructions contained in the opinion, to wit :

" If there should be made any question on a retrial as to whether the company had, in fact, provided rules for an inspection of the cars, and proper men to inspect them, after they were loaded and before they were taken away, such question would be proper to submit to the jury under correct instructions."

We think the evidence raised precisely that question, and that it should have been submitted to the jury.

It is to be observed that there was no evidence whatever on the part of the defendant of the promulgation of any such rule. No printed or written rule of that kind was sworn to, nor even verbal instructions given by any officer to persons in charge of depots on the road.

The nearest approach to any such proof was the testimony of Lord, who had charge of the business at the depot where this car was loaded, who said he considered it a part of his duty to do so, and so instructed the men under him — and there was also proof by

some men under him that he had so instructed them.   But this proof was shaken by the fact that Lord did not inspect this car, and by further proof by former employees that Lord had never given them any such instructions.

It is true Lord said it was his custom, but that is far from proving that the defendant had established and maintained a rule for the inspection of loaded cars before they were sent out.

This question was purely one of fact, and, considering the manner of Lord's testifying, and the fact that it was possibly his fault in failing to inspect this car that the accident happened, and the further fact that he was contradicted by two witnesses, made it proper that this question should be submitted to the jury.

The defendant makes no point that the deceased was guilty of contributory negligence, or that the car was not proved to be defective when deceased took possession of it.

The only point in the case, therefore, is whether the defendant had established and maintained a system of inspection to ascertain whether their cars were properly loaded.

In this case the question is vital, as this car was not loaded by the employees of the defendant, but by the shipper of lumber.

The judgment must be reversed and new trial ordered, costs to abide the event.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.